[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 22, 2011
JOHN LEY
CLERK

No. 10-14259
Non-Argument Calendar

_____

D.C. Docket No. 1:07-cr-20257-ASG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS EDUARDO LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 22, 2011)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Carlos Eduardo Lopez appeals his 21-month sentence, which was imposed

upon revocation of supervised release for 12 violations of the terms of his release.

The 12 violations, all of which Lopez admitted to, included failures to refrain from violating the law based on charges of criminal mischief, burglary, and three charges of grand theft; association with a convicted felon; association with a person engaged in criminal activity; and failures to show up for drug testing, to maintain a job, and to participate in an approved mental health treatment program.

Lopez contends that his 21-month sentence, which was at the bottom of the guidelines range, is unreasonable. He argues that his sentence is procedurally unreasonable, because the district court failed to consider how his mental health issues contributed to his violations of supervised release. He also argues that his sentence is substantively unreasonable because the district court failed to consider his good faith attempts to comply with the conditions of his supervised release, how flaws in the supervised release program contributed to his violations, and the need to provide him with medical care.

We review the sentence imposed upon the revocation of supervised release under 18 U.S.C. § 3583 only for abuse of discretion, and we use a two step process. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a

2

sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007).[1]

If we find the sentence to be procedurally sound, the second step is to review the sentence's substantive reasonableness, considering "the totality of the facts and circumstances." See United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). "[O]rdinarily we . . . expect a sentence within the Guidelines range to be reasonable." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We will vacate a sentence for substantive unreasonableness "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Irey, 612 F.3d at 1190 (quotation marks omitted). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." Tome, 611 F.3d at 1378.

---

[1] The § 3553(a) factors relevant for revocation of supervised release are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for deterrence; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with needed educational or vocational training or medical care; (5) the guidelines range; (6) pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwanted sentencing disparities; and (8) the need to provide restitution to victims. 18 U.S.C. § 3583(e); 18 U.S.C. § 3553(a)(l), (a)(2)(B)–(D), and (a)(4)–(7).

Lopez's 21-month sentence of imprisonment is procedurally reasonable. The district court properly calculated the guideline range and considered the relevant § 3553(a) factors, including the impact of his mental health condition and capacity. Specifically, the district court inquired about Lopez's mental health issues and, then it heard and considered his arguments based on those issues. Although he contends that the district court erred in considering the testimony of a probation officer regarding his mental health, Lopez presented no evidence to contradict that officer's observations about his lack of mental health symptoms and his refusal of treatment.[2]

Lopez's 21-month sentence is also substantively reasonable. The record as a whole indicates that the district court considered and weighed the appropriate § 3553(a) factors, including the guideline range, the nature and circumstances of Lopez's violations, his individual history and circumstances, and his need for medical care. The district court did not abuse its discretion by placing greater weight on the nature of Lopez's 12 supervised release violations and the significance of his additional crimes to find that a bottom-of-the-guidelines-range

[2]To the extent that Lopez argues that he requested and the district court should have granted a downward departure under U.S.S.G. § 5K2.13, that argument is not supported by the record. Additionally, the denial of a request for downward departure is not reviewable unless the defendant can show that the district court erroneously believed it lacked the authority to depart. See United States v. Dudley, 463 F.3d 1221, 1228 (11th Cir. 2006).

sentence of imprisonment was sufficient but not greater than necessary under the facts and circumstances of this case.

**AFFIRMED.**